**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
YONGJIA CLOTHING CO., LTD.,

                                  Plaintiff,         **REPORT AND**
                                                       **RECOMMENDATION**
        - against -

                                                         CV 08-3868 (DLI) (JO)
VIRTUE TRADING, INC.,

                                  Defendant.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

I.     Background

       In a Complaint filed on September 23, 2008, plaintiff Yongjia Clothing Co., Ltd. ("Yongjia"), asserted a claim for breach of contract as well as two related claims against defendant Virtue Trading, Inc. ("Virtue"). Docket Entry ("DE") 1. Yongjia served process on Virtue through service on New York's Secretary of State on October 6, 2008. DE 2. Virtue never responded to the Complaint, and on December 19, 2008, Yongjia moved for a default judgment seeking an award of the sum certain it had identified in its complaint. DE 3. The Clerk entered Virtue's default pursuant to Federal Rule of Civil Procedure 55(a) on February 23, 2009. DE 4.[1] By Order dated March 2, 2009, the Honorable Dora L. Irizarry, United States District Judge, referred Yongjia's motion to me for a report and recommendation. I now make my report and respectfully recommend that the court enter a default judgment against Virtue in the amount of $299,204.28, plus interest from the date of the judgment.

---

[1] To ensure that Virtue is on actual notice of Yongjia's claims as well as of the pending request for a default judgment, I directed Yongjia's counsel to provide a copy of the Complaint and the papers submitted in support of the instant motion to someone actually associated with the defendant. Counsel mailed the documents to Henry Kam, in his capacity as an alleged "officer, director, and owner" of Virtue, on March 3, 2009. *See* DE 5 at 2.

II.     Discussion

The applicable rule explicitly states that "[i]f the plaintiff's claim is for a sum certain ... the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). The plaintiff's claim here is for a sum certain, plus interest, costs, disbursements, and attorneys' fees. *See* DE 1 at 3 (requesting "judgment against defendant Virtue Trading Inc., for $299,204.28, plus interest, costs, disbursements, and plaintiff's reasonable attorney's fees..."); DE 3, Affirmation in Support of Default Judgment at ¶ 8 (same).[2] The plaintiff has requested judgment in the amount of that sum certain and has submitted an affirmation showing the amount due. DE 3 ¶ 11. The defendant has defaulted by not appearing. DE 4. The defendant is neither a minor nor an incompetent person. *See* DE 1 at ¶ 2 (alleging that Virtue is a New York corporation); Fed. R. Civ. P. 8(b)(6) (allegations not relating to the amount of damages are "deemed admitted if a responsive pleading is required and the allegation is not denied"). Under such circumstances, Rule 55(b)(1) requires that the court "must enter judgment" against Virtue in the amount claimed. Yongjia is further entitled to interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield. 28 U.S.C. § 1961(a). Interest is to be calculated daily until the date of payment and compounded annually. *Id.* at § 1961(b).

---

[2] On April 3, 2009, I ordered Yongjia to submit any evidence it wished me to consider in support of its claim for costs and attorneys' fees no later than April 10, 2009. DE 6. In response, Yongjia withdrew those claims. DE 7.

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court enter a default judgment in favor of plaintiff Yongjia Clothing Ltd. against defendant Virtue Trading, Inc. in the amount of $299,204.28.

IV.     Objections

I direct the plaintiff to serve a copy of this Report and Recommendation on the defendant by certified mail or equivalent alternate method, and to file proof of service with the court no later than April 10, 2009. Any objections to this Report and Recommendation must be filed no later than April 24, 2009. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

    **SO ORDERED.**

Dated: Brooklyn, New York
       April 6, 2009

                                      /s/ James Orenstein
                                      JAMES ORENSTEIN
                                      U.S. Magistrate Judge